UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SECURITY ARCHIVE,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>*Defendant*. | Civil Action No. 20-3649 (EGS) |

## **ANSWER**

Defendant the United States Department of State ("Defendant" or "State"), by and through undersigned counsel, respectfully files this Answer to the Complaint filed by Plaintiff the National Security Archive ("Plaintiff"). To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; (c) are admissible in this, or any other, action. Defendant expressly denies all of the allegations in the Complaint that are not specifically admitted or otherwise qualified in this Answer. Defendant answers the Complaint in like numbered paragraphs as follows:

1.      The allegations in the first sentence of Paragraph 1 consist of Plaintiff's characterization of the instant action, to which no response is required. The allegations in the second sentence of Paragraph 1 consist of Plaintiff's characterization of its Freedom of Information Act ("FOIA") requests, which speak for themselves and are the best evidence of their contents.

## Jurisdiction and Venue[1]

2.   The allegations in Paragraph 2 state legal conclusions regarding jurisdiction and venue, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over the properly pleaded FOIA claims and that venue is proper in this district.

## Parties

3.   Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3.

4.   Defendant admits the allegations contained in Paragraph 4.

## Plaintiff's FOIA Requests and State's Failure to Respond in a Timely Manner

5.   In response to the allegations contained in Paragraph 5, Defendant admits the following:

   a. State received a FOIA request from Plaintiff on June 24, 2015, and sent an acknowledgement letter to Plaintiff on July 14, 2015, assigning case number F-2015-11579 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

   b. State received a FOIA request from Plaintiff on June 25, 2015, and sent an acknowledgement letter to Plaintiff on July 15, 2015, assigning case number F-2015-11585 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

---

[1] For ease of reference, the Answer refers to the headings listed in the Complaint. Defendant has not responded to those headings on the understanding that the headings are not factual allegations. To the extent a response is required to the headings, Defendant denies them.

c. State received a FOIA request from Plaintiff on April 4, 2017, and sent an acknowledgement letter to Plaintiff on April 10, 2017, assigning case number F-2017-08506 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

d. State received a FOIA request from Plaintiff on April 10, 2017, and sent an acknowledgement letter to Plaintiff on April 20, 2017, assigning case number F-2017-09339 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

e. State received a FOIA request from Plaintiff on April 17, 2017, and sent an acknowledgement letter to Plaintiff on April 20, 2017, assigning case number F-2017-09926 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

f. State received a FOIA request from Plaintiff on April 18, 2017, and sent an acknowledgement letter to Plaintiff on April 25, 2017, assigning case number F-2017-10022 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

g. State received a FOIA request from Plaintiff on April 20, 2017, and sent an acknowledgement letter to Plaintiff on April 28, 2017, assigning case number F-2017-10311 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

h. State received a FOIA request from Plaintiff on May 1, 2017, and sent an acknowledgement letter to Plaintiff on May 10, 2017 assigning case number

    F-2017-11167 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

i. State received a FOIA request from Plaintiff on July 20, 2017, and sent an acknowledgement letter to Plaintiff on August 29, 2017, assigning case number F-2017-14577 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

j. State received a FOIA request from Plaintiff on August 17, 2017, and sent an acknowledgement letter to Plaintiff on September 7, 2017, assigning case number F-2017-14653 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

k. State received a FOIA request from Plaintiff on November 7, 2017, and sent an acknowledgement letter to Plaintiff on November 16, 2017, assigning case number F-2017-16866 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

l. State received a FOIA request from Plaintiff on October 10, 2019, and sent an acknowledgement letter to Plaintiff on December 30, 2019, assigning case number F-2020-00502 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

m. State received a FOIA request from Plaintiff on February 6, 2020, and sent an acknowledgement letter to Plaintiff on February 12, 2020, assigning case number

F-2020-03549 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

n. State received a FOIA request from Plaintiff on February 10, 2020, and sent an acknowledgement letter to Plaintiff on February 12, 2020, assigning case number F-2020-03548 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

o. State received a Mandatory Declassification Review ("MDR") request from Plaintiff on October 3, 2019, acknowledged receipt of that request on April 7, 2020, and sent an acknowledgement letter to Plaintiff on December 4, 2020, assigning case number M-2020-00008 to that request. Plaintiff's request and State's acknowledgements speak for themselves and are the best evidence of their contents.

p. State received an MDR request from Plaintiff on October 3, 2019, acknowledged receipt of that request on April 7, 2020, and sent an acknowledgement letter to Plaintiff on December 4, 2020, assigning case number M-2020-00007 to that request. Plaintiff's request and State's acknowledgements speak for themselves and are the best evidence of their contents.

q. State received a FOIA request from Plaintiff on July 9, 2020, and sent an acknowledgement letter to Plaintiff on July 10, 2020, assigning case number F-2020-06710 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

r. State received a FOIA request from Plaintiff on July 13, 2020, and sent an acknowledgement letter to Plaintiff on July 14, 2020, assigning case number

    F-2020-06756 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

s.  State received a FOIA request from Plaintiff on July 13, 2020, and sent an acknowledgement letter to Plaintiff on July 14, 2020, assigning case number F-2020-06758 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

t.  State received a FOIA request from Plaintiff on July 23, 2020, and sent an acknowledgement letter to Plaintiff on July 27, 2020, assigning case number F-2020-07015 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

u.  State received a FOIA request from Plaintiff on July 28, 2020, and sent an acknowledgement letter to Plaintiff on July 30, 2020, assigning case number F-2020-07197 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

v.  State received a FOIA request from Plaintiff on July 29, 2020, and sent an acknowledgement letter to Plaintiff on July 30, 2020, assigning case number F-2020-07205 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

w.  State received a FOIA request from Plaintiff on July 30, 2020, and sent an acknowledgement letter to Plaintiff on July 31, 2020, assigning case number F-2020-07258 to that request. Plaintiff's request and State's acknowledgement letter speak for themselves and are the best evidence of their contents.

Defendant denies the remainder of any allegations in paragraph 5 and its subparts (a)-(w).

6. In response to the allegations contained in Paragraph 6, Defendant admits that State has not yet produced any records responsive to Plaintiff's FOIA requests.

7. The allegations in Paragraph 7 state legal conclusions to which no response is required. To the extent that a response is deemed required, denied.

8. Defendant admits the applicable administrative remedies have been exhausted. Defendant denies the remaining allegations contained in Paragraph 8.

9. The allegations in Paragraph 9 state legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

10. Defendant incorporates its responses to all of the foregoing paragraphs as if fully set forth herein.

11. The allegations contained in Paragraph 11 state legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

12. In response to the allegations contained in Paragraph 12, Defendant admits that applicable administrative remedies have been exhausted. The remaining allegations in Paragraph 12 state legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

13. The allegations contained in Paragraph 13 state legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

**Requested Relief**

The remainder of Plaintiff's Complaint sets forth Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

**DEFENSES**

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of this litigation.

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to the FOIA. *See* 5 U.S.C. § 552(b).

**Third Defense**

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs under 5 U.S.C § 552(a)(4)(A)(iii).

**Fourth Defense**

All proceedings with respect to Plaintiff's pending FOIA requests should be stayed pending further order of this Court to be issued after the FOIA requests reach, in the normal course of business, the front of the processing queue to which they are assigned.

**Fifth Defense**

Defendant is exercising due diligence in processing the FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant to process the FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

**Sixth Defense**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by the FOIA, 5 U.S.C. § 552.

Dated: February 11, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

BRIAN HUDAK
Acting Civil Chief

By: _____
BENTON GREGORY PETERSON
Assistant United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530
(202) 252-2537
benton.peterson@usdoj.gov

*Counsel for Defendant*